IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RILWAN AKOLADE,**

    Petitioner,

vs.                                     Case No. 4:12cv105-WS/CAS

**ERIC H. HOLDER, JR., et al.,**

    Respondents.

_____/

**REPORT AND RECOMMENDATION**

    Petitioner, proceeding *pro se*, initiated this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 8, 2012.  Doc. 1.  Petitioner paid the filing fee at the time of case initiation and service was directed on March 20, 2012.  Doc. 3.  Petitioner alleged that he has been held in detention for six months after a final order of removal, that the United States is unable to remove him to his native country of Nigeria, and he sought release from an alleged "indefinite detention" under the authority of <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).  Doc. 1.  In reply, Respondents have filed a motion to dismiss the petition as moot because "Petitioner was removed from the United States to Nigeria on April 23, 2012."  Doc. 13.  Respondents contend this case no longer presents a case or controversy and Petitioner has already received the relief he sought (release from detention).  *Id.*  Attached to the motion is an executed Form I-205,

Warrant of Removal/Deportation, which demonstrates that Petitioner's removal was witnessed on March 27, 2012, when Petitioner left the United States from the Atlanta, Georgia airport on flight DL54.  Doc. 13-1.

Accordingly, this § 2241 petition is moot because the relief requested by Petitioner, release from detention, has been provided.  Petitioner did not contest his removal from this country, and is no longer in custody.

It is respectfully **RECOMMENDED** that the motion to dismiss, doc. 13, be **GRANTED**, and the § 2241 petition filed by Rilwan Akolade be **DISMISSED as moot**.

**IN CHAMBERS** at Tallahassee, Florida, on May 9, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**